## BOARD OF DRAINAGE COMMISSIONERS OF SWEET WATER DRAINAGE DISTRICT *v.* WRIGHT *et al.,* executors.

1. After the rendition of final judgment by the drainage court establishing a drainage district and confirming the final report of the board of viewers, that court was without jurisdiction to entertain a petition to make a third person a party to the proceeding to establish such district; and the judgment of said court making such person a party thereto was a nullity, and was properly so treated by a court of equity in an action brought by such party to enjoin the enforcement of executions issued against him to collect assessments levied upon his lands to pay the costs of the drainage improvement made in pursuance of the judgment creating such district; and this is so although such person was made a party to the case upon a rule to show cause, and made no objection thereto.
2. The chancellor did not err in granting an interlocutory injunction.

No. 3359.    APRIL 12, 1923.

Description, and counsel's names, as in case next preceding.

HINES, J. The petition for the establishment of Sweet Water drainage district was filed on Jan. 3, 1916. On July 3, 1916, the viewers appointed by the drainage court made their preliminary finding in favor of the establishment of the district proposed, but included in the boundaries of the district other lands than those proposed to be embraced in said district in the petition for its establishment. The drainage court fixed a day for a hearing on this report, and notices thereof, as required by the drainage act, were given to all parties. On Aug. 7, 1916, judgment was rendered by the drainage court establishing this district, and directing the viewers to make a final report in this matter. On Dec.

4, 1916, the viewers filed their final report and map of the drainage district as established by the drainage court. Thereupon notices were again given, as required by the drainage act of 1911, to all parties interested, of the hearing by said court on said final report on a day fixed for said purpose. On Jan. 1, 1917, judgment was rendered by the drainage court confirming this final report of the viewers. Thus this drainage district was finally established. Thereafter the attorney for the petitioners for the establishment of said district presented a petition addressed to the county commissioners of Gwinnett County and to the clerk of the superior court of said county, " constituting what is known as the drainage court," in which it was alleged that it appeared from the survey of the boundaries of said drainage district, made by the viewers and engineer appointed to view and survey the same, that G. B. Wright is the owner of 31 acres of land within the boundaries of said district which will be benefited by the construction of said improvement and will be assessed for its pro rata share of said cost. This petition further alleged that said Wright had failed to sign said application for establishment of said district, and was not named as a landowner in the proposed district in the petition for its establishment; and that he had never been served, and had never been made a party defendant to said proceedings. This petition further alleged it was necessary that Wright be served and made a party defendant in said proceeding. It prayed that an order be granted requiring Wright to show cause at the next term of the court why he should not be made a party defendant, and that he be served with a copy of this application.

Upon reading and considering said petition an order was passed by the commissioners and clerk, calling upon said Wright to show cause before them as a drainage court, on the first Monday in March, 1917, why he should not be made a party defendant. Wright was served with a copy of said petition and order on Feb. 14, 1917, by the sheriff of Gwinnett County, On March 5, 1917, an order was passed by said county commissioners and clerk, granting the prayers of said petition and declaring " that the said G. B. Wright be and he is hereby made a party defendant to said proceedings," no objections being filed by said Wright. Thereafter assessments were levied upon property of said Wright for the payment of the cost of said improvement; and

fi. fas. were issued against him for their collection. He then filed his petition in the superior court of Gwinnett County against the board of drainage commissioners of said district, to enjoin the enforcement of said fi. fas., on the ground, among others, that the judgment of said court making him a party defendant in said proceeding was void, and any effort made to collect any assessments against him by execution or otherwise is contrary to law.

It is unnecessary to consider any of the grounds of attack on the judgment establishing said drainage district, except the one that Wright was not one of the petitioners for its establishment and had never been made a party to the proceedings under which this district was established. The principle that a person is not bound by a judgment rendered in a proceeding to which he was not a party, and where he had no notice and no opportunity to be heard in resisting its rendition, is too well settled to require the citation of authorities. After the drainage court had rendered its final judgment establishing this district and confirming the final report of the viewers and engineer, it was without jurisdiction to entertain a petition filed for the purpose of making Wright a party to the proceedings under which said district was created, and was without jurisdiction to pass an order making him a party thereto so that assessments for the cost of said improvement could be levied upon his lands embraced within the boundaries of said district. The drainage court, quoad the particular case, comes into functioning when a petition by the requisite number of owners of lands, or by the owners of lands with the requisite acreage in the proposed district, is filed with the clerk of the superior court for the establishment of a drainage district. Its jurisdiction in the particular case begins then. It functions until its final judgment is rendered confirming the final report of the viewers, and completing the creation of the district. Its jurisdiction of the particular case ends then. It becomes functus officio. The parties to the proceeding are then dismissed. A court, having obtained jurisdiction, retains it until the final disposition of the cause; but after final judgment has been rendered and the parties dismissed, and the term of court has closed, the jurisdiction of the court is exhausted, and it can not take any further proceedings in the case. 15 C. J. 825, § 139. How much more applicable is this principle to special jurisdictions, like our drainage courts?

The drainage court, after its final judgment establishing this district, being without jurisdiction to take any further steps in the case, the proceedings thereafter taken to make Wright a party, and the order of the court making him a party, were mere nullities, and should be so held by any court, when it becomes material to the interest of a party to consider them. Civil Code (1910), §§ 5964, 5968. So the trial court did not err in granting an interlocutory injunction in this case.

*Judgment affirmed. All the Justices concur.*